Judge Simpson
delivered the opinion of the Court.
Sleaton Sledd, made a nun-cupative will containing the following bequest:
“I wish all my perishable property to be sold, except the household and kitchen furniture, and after paying my just debts I wish a part of the money to be applied in buying a negro girl to be given to Miranda Shoemaker.” The testator’s personal estate which he directed to be sold, was suffioient to pay his debts, and to satisfy the legacy bequeathed.
Maranda Shoemaker having intermarried with John Carey, this suit in chancery was brought by them to obtain the benefit of the bequest; and in their original bill they elected to take the money instead of the slave.
As slaves, so far as it respects last wills and testaments are deemed real estate, and pass by them in the same manner and under the same regulations as landed property; and as neither land nor slaves can pass by nun-cupative wills, it is contended that the foregoing devise is void, upon the ground that the testator having directed the money to be applied to the purchase of a slave, it must, according to the doctrine of equitable conversion, be regarded as a devise of a slave, and not a bequest of money.
When a will directs the conversion of money into a slave, there is no doubt that the property takes the character which the will has impressed upon it, and in its subsequent disposition is subject to the rules applicable to that species of property. It does not, however, pass by the will in that character, but assumes it in *182 consequence of the direction given in the instrument for its conversion. Being personal estate, it passes by the will as personal estate, and only acquires the char" acter impressed upon it by the will, in its subsequent devolutions.
The person to whom such a bequest is made may elect to lake the money: (2 Story98 Rq. §793 “1213; Roper on Leg., 473.)
A feme covert may malte an election in a Court oí equity.
The testator did not in this case devise a slave — he bequeathed personal, estate. The nuncupative will was effective for that purpose, and the bequest is legal and valid. Whether he could, by such an instrument, impress upon the legacy the character he directed it to' take is immaterial, as the person entitled elected to take it in its actual state, and the money and not the slave was decreed- to the .complainants.
If money be devised tq be laid out in the purchase of property, the person for whose benefit the purchase is to be made, may come into a Court of equity, and have a decree for the money, because being the owner, he may prevent a conversion, and take the thing devised in its present state, if he elect so to do. And this election he may make by an application to a Court of equity, as well as by other acts or declarations, clearly indicating a determination to that effect: (2 Story's Equity, § 793-1213; 1 Roper on Legacies, 473.)
It is true that covei’ture is a disability to a woman’s electing to change the nature of her property without the interposition of a Court of equity. But in this case the election was made by an application to the Court, and if it were necessary to have been made, to have given effect to the devise, a Court of equity would always permit it to be done for that purpose. And although we do not regard it as having been necessary to sustain and give effect to the devise, yet as the right under the will accrued to the complainants previous to the act of 1846, relative to the rights of married women, and the husband had a right to the property devised either as money or a slave, and the same control over it in either character, there was no impropriety in allowing the election to be made to take the money.
T. N. Lindsey for plaintiffs; Harlan and IL K. Williams for defendants.
Wherefore the decree is affirmed.